IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUDSON VALLEY BIOMASS PROCESSORS, LLC, | : <br> : <br> :    No.: _____ |
| Plaintiff, | : <br> : |
| v. | : <br> :    JURY TRIAL DEMANDED |
| THE DANIEL & HENRY CO., and BROWN AND RIDING INSURANCE SERVICES, INC. | : <br> : <br> : |
| Defendants. | : <br> : |

## COMPLAINT

AND NOW COMES FORTH Plaintiff, HUDSON VALLEY BIOMASS PROCESSORS, LLC, by and through its counsel, ZIMMERMAN & OHLIGER, and Complains of Defendants as follows:

### I. The Parties

1.  Plaintiff HUDSON VALLEY BIOMASS PROCESSORS, LLC is a New York business entity with a business address of 83 Ryerson Road, Warwick, New York 10990.

2.  Defendant THE DANIEL & HENRY CO. ("DANIEL & HENRY") is a Missouri business entity with a business address of 200 South Wacker Drive, Suite 750, Chicago, Illinois 60606.

3.  Defendant BROWN AND RIDING INSURANCE SERVICES, INC. ("BROWN & RIDING") is a California business entity with a business address of 200 South Wacker Drive, Suite 1500, Chicago, Illinois 60606.

## II. Statement of Jurisdiction

4. Plaintiff is a citizen of the State of New York.

5. Defendant DANIEL & HENRY is a citizen of the State of Illinois or, in the alternative, a citizen of the State of Missouri.

6. Defendant BROWN & RIDING is a citizen of the State of Illinois or, in the alternative, a citizen of the State of California.

7. This case is properly venued in this District because, as set forth herein, this action relates to Defendants' services as brokers in procuring Property Insurance coverages for Plaintiff to insure its hemp processing facility in Wayne County, Pennsylvania.

8. The amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

9. This Court has subject matter jurisdiction in this case based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332.

## III. Statement of Claim

10. At all times relevant hereto, on or about November 6, 2020, a fire occurred at Plaintiff's hemp processing facility located at 1553 Hancock Highway, Honesdale, Wayne County, Pennsylvania.

11. The aforesaid fire did extensive damage to that facility and Plaintiff's entire materials inventory was lost, causing Plaintiff to completely cease its hemp processing operations.

12. Plaintiff did ultimately receive compensation through its insurance coverage for the structural damage to the facility, as well as the equipment and machinery.

13. However, Plaintiff learned for the first time, through the claims process following the loss, that it was not insured for other ordinary and standard items of commercial Property Insurance coverage for which it suffered losses.

14. Specifically, Plaintiff was not covered for its business interruption (loss of business income), nor for the stock of raw materials being processed or held for processing at its facility (*i.e.*, baled and loose hemp).

15. The relevant policy of Property Insurance under which Plaintiff believed it was covered for such losses was issued by Kinsale Insurance Company under policy number 1000095072-1.

16. Prior to the loss, Plaintiff reasonably believed that the subject policy issued by Kinsale provided full and standard Property Insurance coverage for its facility, materials stock, and operations.

17. Plaintiff initially sought that coverage through Defendant DANIEL & HENRY as its insurance broker.

18. At some point prior to issuance of the policy, unbeknownst to Plaintiff, Defendant DANIEL & HENRY engaged Defendant BROWN & RIDING as a wholesale broker to fill Plaintiff's request for full Property Insurance coverage.

19. Defendant BROWN & RIDING then brokered the Kinsale policy at Defendant DANIEL & HENRY's request.

20. At the time when Defendant DANIEL & HENRY initially procured insurance coverage at Plaintiff's request, Plaintiff was a small "startup" business which had been recently formed in December, 2018.

21. At the time when Defendant DANIEL & HENRY procured insurance coverage at Plaintiff's request, Defendant had a longstanding relationship with two of Plaintiff's principals, Moira Kilcoyne and Frank Kilcoyne, prior to their formation of Plaintiff as a business entity.

22. For over a decade prior to Defendant procuring insurance coverages for Plaintiff at Plaintiff's request, Defendant had procured personal lines of insurance (homeowner's, auto, and

excess lines) for Plaintiff's principal Moira Kilcoyne and her husband Frank Kilcoyne.

23. At the time when Defendant DANIEL & HENRY procured the Property Insurance coverage at Plaintiff's request, Defendant DANIEL & HENRY also procured a policy of General Liability coverage through Admiral Insurance Group.

24. At the time when Defendant DANIEL & HENRY procured insurance coverage at Plaintiff's request, Plaintiff's principles were not sophisticated buyers of commercial insurance in that they lacked experience and possessed no special training or knowledge in that field.

25. At the time when Defendant DANIEL & HENRY procured insurance coverage at Plaintiff's request, Plaintiff did not employ staff attorneys or have a legal department to task with reviewing insurance policies to ensure adequate coverages.

26. At the time when Defendant DANIEL & HENRY procured insurance coverage at Plaintiff's request, Defendant DANIEL & HENRY assumed a duty to use due diligence and care when it sought out a wholesale broker, and requested that Defendant BROWN & RIDING procure coverage for Plaintiff.

27. At no time did Plaintiff have any direct relationship with Defendant BROWN & RIDING, nor did Plaintiff seek out, find, secure, or hire BROWN & RIDING as a broker.

28. Defendant DANIEL & HENRY, knowing its own prior relationship with the business' principal, and further knowing these additional facts about Plaintiff's lack of sophistication in buying commercial insurance coverages, knew or should have known that Plaintiff would rely upon it for advice and guidance to ensure that their facility, materials stock, and operations were sufficiently covered.

29. In engaging Defendant DANIEL & HENRY to broker insurance coverage for its facility, materials stock, and operations, Plaintiff requested that full Property Insurance coverage be provided and in no way requested coverage of a deficient type or in a diminished amount.

30. The Kinsale policy provided no coverage for business interruption (loss of income).

31. For a Property Insurance policy to not provide business interruption coverage is highly unusual, and not in accordance with standard practice within the industry.

32. Due to the fire, Plaintiff suffered a complete interruption of its hemp processing operations.

33. Due to the fact that it was uninsured for these losses, the complete interruption of operations was financially devastating to Plaintiff.

34. Specifically, due to the lack of business interruption coverage, Plaintiff was left undercapitalized and financially unable to resume its operations.

35. The Kinsale policy generally provided coverage for personal property, which would generally include stock materials such as the large quantities of unprocessed hemp at Plaintiff's facility.

36. However, the policy also included Endorsement CP1420-1191 entitled "Additional Property Not Covered" which specifically excluded from coverage "Hemp Stock, Stock of others".

37. Since hemp processing constituted the entire operation of the facility, and all of the raw materials stored at the facility constituted "Hemp Stock, Stock of others", Plaintiff was left uninsured for those losses as well.

38. Due to the fact that it was uninsured for these losses, the loss of its entire stock of raw materials at the facility was financially devastating to Plaintiff.

## COUNT I

### HUDSON VALLEY BIOMASS PROCESSING, LLC v. THE DANIEL & HENRY CO.

39. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint by reference, as if more fully set forth herein.

40. As a result of the numerous factors set forth above, including the longstanding relationship of Defendant DANIEL & HENRY with one of the business principals, the recent formation of this business, the fact that the business was a small "startup" with no legal staff or department, and the lack of sophistication of the business principals in insurance, Defendant entered into a confidential relationship with, and owed a correlating duty to, Plaintiff.

41. Further, as Defendant DANIEL & HENRY undertook to engage the services of Defendant BROWN & RIDING, a third party of its own selection with whom Plaintiff had no direct privity, Defendant DANIEL & HENRY further acted as Plaintiff's agent and/or created a confidential relationship with, and owed a correlating duty to, Plaintiff.

42. Additionally, as Defendant DANIEL & HENRY undertook to engage the services of Defendant BROWN & RIDING, a third party of its own selection with whom Plaintiff had no direct privity, Defendant DANIEL & HENRY assumed a duty to select that third party in a non-negligent manner, and to ensure that Plaintiff's order for coverage was accurately filled by the third party whom it selected.

43. Plaintiff's uninsured status for both business interruption and its stock of raw materials was due to the negligence and carelessness of Defendant DANIEL & HENRY in procuring coverage for Plaintiff under the Kinsale policy.

44. Defendant DANIEL & HENRY's negligence and carelessness consisted of the following:

  a. Procuring a Property Insurance policy designed to cover Plaintiff's facility and operations without ensuring that it provided sufficient and ordinary coverage for all foreseeable losses in the event of a casualty;

  b. Procuring a Property Insurance policy designed to cover Plaintiff's facility and operations which did not include business interruption coverage;

c. Procuring a Property Insurance policy designed to cover Plaintiff's facility and operations which did not cover large quantities of raw material hemp being processed and held for processing at that location;

d. Procuring a Property Insurance policy in the wholesale market without making sufficient attempts to procure insurance for Plaintiff in the retail market;

e. Failing to seek out and procure Property Insurance for Plaintiff with a carrier or under a policy that would provide coverage for the large quantities of raw material hemp being processed and held for processing at the insured location;

f. Failing, upon expiration of the initial policy term and prior to renewal, to seek out and procure Property Insurance for Plaintiff with a carrier or under a policy that would provide coverage for the large quantities of raw material hemp being processed and held for processing at the insured location;

g. Procuring a Property Insurance policy which provided illusory personal property coverage, in that it covered none of the raw materials at the insured location;

h. Failing to explain available coverages to Plaintiff to ensure that Defendant procured ordinary and standard coverages;

i. Failing to procure the full coverage for its Pennsylvania facility and operations requested by Plaintiff;

j. Failing to learn sufficient information about Plaintiff's facility and operations to ensure that it recommended and secured appropriate coverages for Plaintiff's specific use;

  k. Negligently selecting Defendant BROWN AND RIDING as a wholesale broker to procure the requested insurance;

  l. Failing to adequately and accurately convey the details of Plaintiff's request for insurance coverage to Defendant BROWN & RIDING; and

  m. Failing to ensure that the Kinsale policy brokered by Defendant BROWN & RIDING contained all of the coverages required by Plaintiff's request.

45. As a direct and proximate result of Defendant's negligence and carelessness as aforesaid, Plaintiff was uninsured for the business interruption losses due to the subject fire.

46. As a direct and proximate result of Defendant's negligence and carelessness as aforesaid, Plaintiff was uninsured for the loss of its hemp stock due to the subject fire.

WHEREFORE, Plaintiff HUDSON VALLEY BIOMASS PROCESSORS, LLC demands judgment against Defendant THE DANIEL & HENRY CO. in an amount in excess of seventy five thousand dollars ($75,000.00), plus costs, interest, and all other relief deemed just and proper by the Court.

## COUNT II

### HUDSON VALLEY BIOMASS PROCESSING, LLC v. BROWN AND RIDING INSURANCE SERVICES, INC.

47. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint by reference, as if more fully set forth herein.

48. Plaintiff's uninsured status for both business interruption and its stock of raw materials was due to the negligence and carelessness of Defendant BROWN & RIDING in procuring coverage for Plaintiff under the Kinsale policy.

49. Defendant BROWN & RIDING's negligence and carelessness consisted of the following:

a. Procuring a Property Insurance policy designed to cover Plaintiff's facility and operations without ensuring that it provided sufficient and ordinary coverage for all foreseeable losses in the event of a casualty;

b. Procuring a Property Insurance policy designed to cover Plaintiff's and operations which did not include business interruption coverage;

c. Procuring a Property Insurance policy designed to cover Plaintiff's facility and operations which did not cover large quantities of raw material hemp being processed and held for processing at that location;

d. Failing, upon expiration of the initial policy term and prior to renewal, to seek out and procure Property Insurance for Plaintiff with a carrier or under a policy that would provide coverage for the large quantities of raw material hemp being processed and held for processing at the insured location;

e. Failing to seek out and procure Property Insurance for Plaintiff with a carrier that would provide coverage for the large quantities of raw material help being processed and held for processing at the insured location;

f. Procuring a Property Insurance policy which provided illusory personal property coverage, in that it covered none of the raw materials at the insured location;

g. Failing to procure the full coverage for Plaintiff's facility, material stock, and operations requested for Plaintiff by DANIEL & HENRY; and

h. Failing to learn sufficient information about Plaintiff's facility and operations to ensure that it recommended and secured appropriate coverages for Plaintiff's specific use.

50. As a direct and proximate result of Defendant's negligence and carelessness as aforesaid, Plaintiff was uninsured for the business interruption losses due to the subject fire.

51. As a direct and proximate result of Defendant's negligence and carelessness as aforesaid, Plaintiff was uninsured for the loss of its hemp stock due to the subject fire.

WHEREFORE, Plaintiff HUDSON VALLEY BIOMASS PROCESSORS, LLC demands judgment against Defendant BROWN AND RIDING INSURANCE SERVICES, INC. in an amount in excess of seventy five thousand dollars ($75,000.00), plus costs, interest, and all other relief deemed just and proper by the Court.

Respectfully Submitted,

ZIMMERMAN & OHLIGER

Jason R. Ohliger, Esquire
The Kenworthey Building
410 Broad Street
Milford, PA 18337
(570) 296-7300
ohliger@tristatetrial.com