IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUDSON VALLEY BIOMASS PROCESSORS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION No. 3:22-CV-01698-SES |
| THE DANIEL & HENRY CO. and BROWN AND RIDING INSURANCE SERVICES, INC. | : : : | |
| | : | |
| Defendants. | : | **Electronically Filed** |
| | : | |

**DEFENDANT THE DANIEL & HENRY CO.'S
<u>ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES</u>**

The Daniel & Henry Co., though its undersigned attorneys, files the within Answer, Affirmative Defenses and Cross Claims in response to the Amended Complaint (herein "Complaint) and avers as follows:

1.      Upon information and belief, admitted.

2.      Admitted.

3.      Upon information and belief, admitted.

4.      The allegations in paragraph four (4) of the Complaint are conclusions of law to which no response is required.

5.      The allegations in paragraph five (5) of the Complaint are conclusions of law to which no response is required.

1

6. The allegations in paragraph six (6) of the Complaint are conclusions of law to which no response is required.

7. The allegations in paragraph seven (7) of the Complaint are conclusions of law to which no response is required.

8. The allegations in paragraph eight (8) of the Complaint are conclusions of law to which no response is required.

9. The allegations in paragraph nine (9) of the Complaint are conclusions of law to which no response is required.

10. Admitted.

11. Denied as stated.  It is admitted that a fire damaged the facility.  Defendant lacks sufficient knowledge and/or information to form a belief as to whose product was lost or whether the fire caused Plaintiff to completely cease operations.  Strict proof thereof is demanded.

12. Admitted.

13. Denied.  Plaintiff at all times was aware of the contents of its insurance policy and the nature, type and amounts of its coverages.

14. Denied as stated.  The allegations in paragraph fourteen (14) of the Complaint concern a written document, the policy, which speaks for itself.  All characterizations thereof or inferences therefrom are denied.

15. Denied as stated.  The allegations in paragraph fifteen (15) of the Complaint concern a written document, the policy, which speaks for itself.  All characterizations thereof or inferences therefrom are denied.  By way of further response, it is denied Plaintiff could have reasonably believed it was covered for business interruption or for stock of raw materials, as

such was clearly not part of its insurance policy. To the contrary, Plaintiff at all times was aware of the contents of its insurance policy and the nature, type and amounts of its coverages.

16. Denied. The allegations in paragraph sixteen (16) of the Complaint are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied. To the contrary, Plaintiff at all times was aware of the contents of its insurance policy.

17. Admitted.

18. Denied as stated. It is denied that Brown & Ridings' involvement was unbeknownst to Plaintiff. To the contrary, Plaintiff was fully aware of the nature of its insurance coverage.

19. Denied as stated. It is admitted that Daniel & Henry brokered the policy at Plaintiff's request and it was necessary to utilize Brown & Riding in such process.

20. Denied as stated. Defendant cannot respond to Plaintiff's use of the phrase start-up business. It is admitted Plaintiff approached Daniel & Henry to assist it in securing insurance coverage for the business.

21. Denied as stated. It is admitted only that Defendant had assisted the Kilcoynes in securing personal lines insurance of the Kilcoyne's choosing.

22. Denied as stated. It is admitted only that Defendant had assisted the Kilcoynes in securing personal lines insurance of the Kilcoynes choosing.

23. Denied. It is admitted that Defendant served as an insurance broker in procuring a general liability policy of Plaintiff's choice through Admiral.

24. Denied. By way of further response, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph twenty-four (24) of the Complaint and thus denies same. Plaintiff is left to its proofs.

25. Denied. By way of further response, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph twenty-five (25) of the Complaint and thus denies same. Plaintiff is left to its proofs.

26. Denied. The allegations in paragraph twenty-six (26) of the Complaint are conclusions of law to which no response is required.

27. Denied. The allegations in paragraph twenty-seven (27) of the Complaint are conclusions of law to which no response is required.

28. Denied. The allegations in paragraph twenty-eight (28) of the Complaint are conclusions of law to which no response is required.

29. Denied. The allegations in paragraph twenty-nine (29) of the Complaint are conclusions of law to which no response is required.

30. Denied. The allegations in paragraph thirty (30) of the Complaint are conclusions of law to which no response is required.

31. Denied. Defendant, acting as an insurance broker, secured the insurance coverage which Plaintiff selected and for which Plaintiff was willing to pay.

32. Denied as stated. The allegations in paragraph thirty-two (32) of the Complaint concern a written document, the policy, which speaks for itself. All characterizations thereof or inferences therefrom are denied.

33. Denied. The allegations in paragraph thirty-three (33) of the Complaint are conclusions of law to which no response is required. To the extent these allegations are deemed factual they are denied.

34. Denied. By way of further response, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph thirty-four (34) of the Complaint and thus denies same. Plaintiff is left to its proofs.

35. Denied. By way of further response, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph thirty-five (35) of the Complaint and thus denies same. Plaintiff is left to its proofs.

36. Denied. By way of further response, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph thirty-six (36) of the Complaint and thus denies same. Plaintiff is left to its proofs.

37. Denied as stated. The allegations in paragraph thirty-seven (37) of the Complaint concern a written document, the policy, which speaks for itself. All characterizations thereof or inferences therefrom are denied.

38. Denied as stated. The allegations in paragraph thirty-eight (38) of the Complaint concern a written document, the policy, which speaks for itself. All characterizations thereof or inferences therefrom are denied.

39. Denied. By way of further response, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph thirty-nine (39) of the Complaint and thus denies same. Plaintiff is left to its proofs.

40. Denied. By way of further response, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph forty (40) of the Complaint and thus denies same. Plaintiff is left to its proofs.

41. Denied. The allegations in paragraph forty-one (41) of the Complaint are conclusions of law to which no response is required. To the extent these allegations are deemed factual they are denied.

42. Denied. The allegations in paragraph forty-two (42) of the Complaint are conclusions of law to which no response is required. To the extent these allegations are deemed factual they are denied.

43. Denied. The allegations in paragraph forty-three (43) of the Complaint are conclusions of law to which no response is required. To the extent these allegations are deemed factual they are denied.

## ANSWER TO COUNT I

44. Defendant hereby incorporates the foregoing paragraphs of this Answer, by this reference, as if set forth in full herein.

45. Denied. The allegations in paragraph forty-five (45) of the Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

46. Denied. The allegations in paragraph forty-six (46) of the Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

47. Denied. The allegations in paragraph forty-seven (47) of the Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

48. Denied. The allegations in paragraph forty-eight (48) of the Complaint are conclusions of law to which no response is required.

49. Denied. The allegations in paragraph forty-nine (49) of the Complaint are conclusions of law to which no response is required.

50. Denied. The allegations in paragraph fifty (50) of the Complaint are conclusions of law to which no response is required.

51. Denied. The allegations in paragraph fifty-one (51) of the Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

WHEREFORE, Defendant, The Daniel & Henry Co.. respectfully requests that this Honorable Court enter judgment in its favor, dismissing Count One in its entirety together with such further relief this Court deems to be just and proper.

## ANSWER TO COUNT II

52. Defendant incorporates by reference the above paragraphs as if set forth fully herein.

53. Denied. The allegations in paragraph fifty-three (53) of the Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, the allegations are denied.

54. Denied. The allegations in paragraph fifty-four (54) of the Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, the allegations are denied.

55. Denied. The allegations in paragraph fifty-five (55) of the Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

56. Denied. The allegations in paragraph fifty-six (56) of the Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

WHEREFORE, Defendant, The Daniel & Henry, Co. respectfully requests that this Honorable Court enter judgment in its favor, dismissing Count Two in its entirety together with such further relief this Court deems to be just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a claim against Defendant and Count One of the Complaint is appropriately dismissed as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

No action or inaction on the part of Defendant contributed in any way to any damages alleged to have been suffered by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Under the circumstances alleged in the Complaint, Defendant owed Plaintiff no duties at common law.

### FOURTH AFFIRMATIVE DEFENSE

Under the circumstances alleged in the Complaint, Defendant breached no duty owed to Plaintiff as an insurance broker, the existence of such duties being expressly denied.

### FIFTH AFFIRMATIVE DEFENSE

Defendant acted properly at all times and breached no duty owed to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's alleged acts or omissions neither factually nor proximately caused Plaintiff's alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Any alleged negligence on the part of Defendant, all such negligence being specifically denied, was not, in whole or in part, the proximate cause of any damages or injuries which are alleged to have been sustained by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly mitigate any damages allegedly suffered, the existence of any such damages being expressly denied.

### NINTH AFFIRMATIVE DEFENSE

Defendant acted properly and reasonably and fulfilled any duties owed to Plaintiff; all such duties being denied under the circumstances alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was fully aware of the nature and amount of coverage and failed to direct Defendant to bind any additional coverage, to the extent any such coverage was even available on the market prior to the occurrence.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

                                      Respectfully submitted,

                                      **NARDUCCI, MOORE, FLEISHER,**
                                      **ROEBERG & WOLFE, LLP**

Dated: August 11, 2023                By:   s/Patrick J. Wolfe, Jr.
                                                   Patrick J. Wolfe, Jr., Esquire
                                                   PA Attorney I.D. No. 80871
                                                   589 Skippack Pike, Suite 300
                                                   Blue Bell, Pennsylvania 19422
                                                   (215) 628-2550
                                                   pjwolfe@bluebelllaw.com
                                                   Attorneys for Defendant
                                                   The Daniel & Henry Co.

## **CERTIFICATE OF SERVICE**

I, Patrick J. Wolfe, Jr. hereby certify that the foregoing Answer to the Amended Complaint with Affirmative Defenses has been electronically filed and is available for viewing and downloading from the ECF system by the undersigned counsel of record. Accordingly, service has been effectuated pursuant to L.R. 5.7

                                                 **NARDUCCI, MOORE, FLEISHER,**
                                                 **ROEBERG & WOLFE, LLP**

Dated: August 11, 2023                        By:    s/Patrick J. Wolfe, Jr.
                                                          Patrick J. Wolfe, Jr., Esquire
                                                          PA Attorney I.D. No. 80871
                                                          589 Skippack Pike, Suite 300
                                                          Blue Bell, Pennsylvania 19422
                                                          (215) 628-2550
                                                          pjwolfe@bluebelllaw.com
                                                          Attorneys for Defendant
                                                          The Daniel & Henry Co.